# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## AGENCY APPEAL PRE-ARGUMENT STATEMENT (FORM C-A)

☐ APPLICATION FOR ENFORCEMENT     ☑ PETITION FOR REVIEW

1. SEE NOTICE ON REVERSE.     2. PLEASE TYPE OR PRINT.     3. STAPLE ALL ADDITIONAL PAGES.

| CAPTION: | AGENCY NAME: | AGENCY NO.: CP18−5 |
|---|---|---|
| Stop the Pipeline, Petitioner<br>v.<br>Federal Energy Regulatory Commission, Respondent | Fed. Energy Reg. Comm. | CP13-499, CP13-502 |
| | DATE THE ORDER UPON WHICH REVIEW OR ENFORCEMENT IS SOUGHT WAS ENTERED BELOW:<br>1/23/26, 2/26/26 & 5/19/26 | ALIEN NO :<br>(Immigration Only) |
| | DATE THE PETITION OR APPLICATION WAS FILED:<br>May 22, 2026 | Is this a cross-petition for review / cross-application for enforcement?<br>☐ YES  ☑ NO |

| Contact Information for Petitioner(s) Attorney: | Counsel's Name: Todd D. Ommen | Address: 78 N. Broadway White Plains NY 10603 | Telephone No.: 914 422-4343 | Fax No.: 914 422-4437 | E-mail: tommen@law.pace.edu |
|---|---|---|---|---|---|
| Contact Information for Respondent(s) Attorney: | Counsel's Name: Robert H. Solomon Solicitor | Address: 888 First St., NE Washington, DC 20426 | Telephone No.: 202 502-8257 | Fax No.: 202 208-2115 | E-mail: robert.solomon@ferc.gov |

| JURISDICTION OF THE COURT OF APPEALS (provide U.S.C. title and section):<br>15 USC 717r(b) | APPROX. NUMBER OF PAGES IN THE RECORD:<br>over 15,000 | APPROX. NUMBER OF EXHIBITS IN THE RECORD:<br>4,500 | Has this matter been before this Circuit previously? ☑ Yes  ☐ No<br><br>If Yes, provide the following:<br><br>Case Name: Stop the Pipeline v. FERC<br><br>2d Cir. Docket No.: 16-361, 20-158    Reporter Citation: (*i.e.*, F.3d or Fed. App.) |
|---|---|---|---|

**ADDENDUM "A":** COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; AND (3) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS PETITION FOR REVIEW OR APPLICATION FOR ENFORCEMENT.

**ADDENDUM "B":** COUNSEL MUST ATTACH TO THIS FORM: (1) THE RELIEF REQUESTED; (2) A LIST OF THE PROPOSED ISSUES; AND (3) THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

### PART A: STANDING AND VENUE

| STANDING | VENUE |
|---|---|
| PETITIONER / APPLICANT IS:<br>☐ AGENCY  ☑ OTHER PARTY<br>☐ NON-PARTY (SPECIFY STANDING): | COUNSEL MUST PROVIDE IN THE SPACE BELOW THE FACTS OR CIRCUMSTANCES UPON WHICH VENUE IS BASED:<br><br>The Constitution Pipeline Co., LLC is registered in NYS, DOS # 7617695, has offices |

**IMPORTANT.  COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

| PART B:   NATURE OF ORDER UPON WHICH REVIEW OR ENFORCEMENT IS SOUGHT |
|---|
| (Check as many as apply) |

**TYPE OF CASE:**

| | | | | |
|---|---|---|---|---|
| X | ADMINISTRATIVE REGULATION/ RULEMAKING | | | IMMIGRATION-includes denial of an asylum claim |
| | BENEFITS REVIEW | | | IMMIGRATION-does NOT include denial of an asylum claim |
| | UNFAIR LABOR | | | TARIFFS |
| | HEALTH & SAFETY | | X | OTHER: |
| | COMMERCE | | | (SPECIFY) non compliance with mandate, |
| X | ENERGY | | | due process,environment |

1.  Is any matter relative to this petition or application still pending below?  ☒ Yes, specify:  12/9/25 and 1/13/26 petitions ☐ No

    are still under consideration at FERC

2.  To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

    (A)   Arises from substantially the same case or controversy as this petition or application ?   ☑ Yes   ☐ No

    (B)   Involves an issue that is substantially similar or related to an issue in this petition or application ?   ☑ Yes   ☐ No

    If yes, state whether ☐ "A," or ☐ "B," or ☒ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: Catskill MK v FERC NYS DEC v FERC | Docket No. 26-1387, 26-1422 | Citation: | Court or Agency: Second Circuit |
|---|---|---|---|
| Name of Petitioner or Applicant: NYSDEC, Catskill Mountainkeeper, Clean Air Council, Delaware-Otsego Audubon Society, Delaware Riverkeeper Network & Delaware Riverkeeper, Riverkeeper, Sierra Club, and Waterkeeper Alliance | | | |

| Date: June 5, 2026 | Signature of Counsel of Record: |
|---|---|

## NOTICE TO COUNSEL

**Once you have filed your Petition for Review or Application for Enforcement, you have only 14 days in which to complete the following important steps:**

1.  Complete this Agency Appeal Pre-Argument Statement (Form C-A); serve it upon your adversary, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.

2.  Pay the $600 docketing fee to the Clerk of the Second Circuit, unless you are authorized to prosecute the appeal without payment.

    **PLEASE NOTE:   IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 CALENDAR DAYS, YOUR PETITION FOR REVIEW OR APPLICATION FOR ENFORCEMENT WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

# 26-1437

**ORAL ARGUMENT NOT YET SCHEDULED**

---

# United States Court of Appeals
## for the
# Second Circuit

**Stop the Pipeline,** *Petitioner*

**v.**

**Federal Energy Regulatory Commission,** *Respondent*

---

**ADDENDUM A**

**FORM C-A**

**PRE-ARGUMENT STATEMENT**

---

TODD D. OMMEN
ANNE MARIE GARTI, OF COUNSEL
PACE ENVIRONMENTAL LITIGATION CLINIC, INC.
78 North Broadway
White Plains, New York 10603
(914) 422-4343

## STATEMENT OF CASE WITH RESULTS BELOW

The Constitution Pipeline Company, LLC ("Company" or "Constitution") pre-filed an application in April 2012, and filed an application on June 13, 2013 for a 124-mile long gas pipeline with Respondent, the Federal Energy Regulatory Commission ("FERC" or "Commission"). The applications were assigned docket numbers PF12-9 and CP13-499, respectively. FERC issued a Draft Environmental Impact Statement on February 12, 2014, a Final Environmental Impact Statement on October 24, 2014, and an Order on December 2, 2014, 149 FERC ¶ 61,199, which granted the Company a Conditional Certificate of Public Convenience and Necessity ("2014 Certificate Order"). Stop the Pipeline ("STP") filed a timely request for rehearing of the 2014 Certificate Order and petitioned this Court for review after a final order on rehearing was issued. 154 FERC ¶ 61,046 (2016). The cases were fully briefed, but oral arguments were never held because of parallel proceedings and the Company's eventual abandonment of the project. *See* docket number 16-361, which was consolidated with 16-345.

The New York State Department of Environmental Conservation ("NYSDEC") denied the Company's application for a 401 water quality certification, 33 U.S.C. § 1341(a)(1), on April 22, 2016 and this Court upheld that denial the following year. *See Constitution Pipeline Co., LLC v. New York State Dep't of Envt'l Conservation*, 868 F.3d 87 (2d Cir. 2017), *cert. denied* 584 U.S.

1

962 (2018). After its defeat in the Courts, the Company petitioned FERC for a declaration that NYSDEC had waived its rights to deny its application. The Commission initially denied the petition, 162 FERC ¶ 61,014 (2018), but reversed its position in its 2019 Waiver Order, 168 FERC ¶ 61,129 (2019). Stop the Pipeline filed a timely request for rehearing and petitioned this Court for review after FERC issued an order on rehearing, 169 FERC ¶ 61,199. *See* docket number 20-158, which was consolidated with 19-4338 and 20-208.

In January 2021, FERC moved to dismiss both consolidated cases as moot because the applicants for the federal licenses cancelled the project and allowed their FERC certifications to lapse. *See* Mot. to Dismiss, *New York State Dep't of Envt'l Conservation v. Federal Energy Regulatory Comm'n*, 2d Cir. No. 19-4338, Doc. No. 111 (Jan. 25, 2021); Mot. to Dismiss, *Catskill Mountainkeeper v. Federal Energy Regulatory Comm'n*, 2d Cir. No. 16-345, Doc. No. 414 (Jan. 26, 2021). Stop the Pipeline filed a cross motion in both consolidated cases requesting vacatur of the FERC orders. On November 18, 2021, this Court issued an order dismissing all the petitions as moot and granting Stop the Pipeline's motion for vacatur of all of the FERC orders. It also remanded to FERC with instructions to dismiss the underlying agency proceedings. *See* Order, Case No. 16-345, Doc. No. 479, Case No. 19-4338, Doc. No. 161 (2d Cir. Nov. 18, 2021). The Court's mandate was issued in January 2022. *See* Mandate, Case No. 16-345, Doc. No. 484, Case No.

19-4338, Doc. No. 168 (2d Cir. Jan. 10, 2022). The Commission never acted on the mandate.

On December 19, 2025, Constitution decided to revive the project. However, instead of filing a new application for a new certificate of public convenience and necessity, it filed a petition with FERC requesting that it reissue the vacated 2014 Certificate Order and reaffirm the vacated 2019 Waiver Order. On February 13, 2026, Iroquois Gas Transmission System, LP filed a similar petition, asking FERC "for Expedited Reissuance of Certificate Authority" for the Wright Interconnection Project, which this Court also vacated in its 2022 Mandate.

Stop the Pipeline, along with the other parties petitioning for review, filed letters to FERC in mid January 2026 objecting to its failure to "dismiss the agency proceedings" as required under the 2022 Mandate. In response, the Commission issued its Order on Remand, 194 FERC ¶ 61,064 (Jan. 23, 2026) (Exhibit A) in which it said it was complying with this Court's Mandate in P 11 ("For clarity and avoidance of doubt, we now confirm that the proceedings referenced in the caption of this order are dismissed."), while in P 10, it admitted it was not ("The 2025 Petition is currently pending, and the Commission is not in any way pre-judging the merits of the 2025 Petition in this order."). FERC is attempting to side step this Court's Mandate by placing the December 19, 2025 petition in new subdocket. However, the 2025 Petition requires FERC to rely on all of the documents filed in

3

the old FERC administrative dockets, namely, CP13-499, CP13-502 and CP18-5 that the Commission now claims to have dismissed.

Stop the Pipeline filed a timely request for rehearing, which was denied by operation of law on March 25, 2026, 194 FERC ¶ 62,146 (Exhibit B), and dismissed on May 19, 2026, 195 FERC ¶ 61,116 (Exhibit C). The Court's January 10, 2022 Mandate is attached for your convenience as Exhibit D.

Respectfully submitted,

/s/ *Todd D. Ommen*
TODD D. OMMEN
ANNE MARIE GARTI, OF COUNSEL
PACE ENVIRONMENTAL LITIGATION CLINIC, INC.
78 North Broadway
White Plains, New York 10603
(914) 422-4343

*Attorneys for Petitioner Stop the Pipeline*

Dated:  June 5, 2026
White Plains, New York

4

# Exhibit A

# Order on Remand

# 194 FERC ¶ 61,064

January 23, 2026

Document Accession #: 20260123-3074          Filed Date: 01/23/2026

194 FERC ¶ 61,064
UNITED STATES OF AMERICA
FEDERAL ENERGY REGULATORY COMMISSION

Before Commissioners:  Laura V. Swett, Chairman;
David Rosner, Lindsay S. See,
Judy W. Chang, and David LaCerte.

| | |
|---|---|
| Constitution Pipeline Company, LLC<br>Iroquois Gas Transmission System, L.P. | Docket Nos. CP13-499-000,<br>CP13-499-001,<br>CP13-502-000,<br>CP13-502-001,<br>CP18-5-000,<br>CP18-5-001,<br>CP18-5-002,<br>CP18-5-003 |

ORDER ON REMAND

(Issued January 23, 2026)

1.      This order responds to a November 18, 2021, order of the United States Court of Appeals for the Second Circuit[1] by documenting our dismissal of the agency proceedings that were the subject of that order, as discussed below.

2.      On June 13, 2013, Constitution Pipeline Company, LLC (Constitution) filed an application in Docket No. CP13-499-000 for a certificate of public convenience and necessity to construct and operate approximately 124 miles of 30-inch diameter pipeline and related facilities (Constitution Pipeline Project).  On the same date, Iroquois Gas Transmission System, L.P. (Iroquois) filed, in Docket No. CP13-502-000, a concurrent application requesting authorization to construct, install, modify, own, operate, and maintain certain compression facilities, and to lease the incremental capacity associated with these new and modified facilities to Constitution (Wright Interconnection Project). On December 2, 2014, the Commission issued an order granting the requested certificates to Constitution and Iroquois (Certificate Order).[2]

---

[1] *N.Y. State Dep't of Env't Conservation v. FERC*, Nos. 19-4338, 20-158, and 20-208, and *Catskill Mountainkeeper, Inc. v. FERC*, Nos. 16-345 and 16-361 (2d Cir. Nov. 18, 2021).

[2] *Constitution Pipeline Co., LLC*, 149 FERC ¶ 61,199 (2014).

Document Accession #: 20260123-3074       Filed Date: 01/23/2026

Docket No. CP13-499-000, et al.                                                                - 2 -

3.       On April 22, 2016, the New York State Department of Environmental Conservation (New York DEC) denied Constitution's request for water quality certification for the Constitution Pipeline Project under section 401 of the Clean Water Act.[3]  On October 11, 2017, Constitution filed with the Commission a petition for a declaratory order, which sought a finding that the New York DEC had waived its authority under section 401 of the Clean Water Act.[4]  On January 11, 2018, the Commission denied the petition (First Waiver Order), and subsequently denied rehearing.[5]  On September 14, 2018, Constitution filed a petition for review of the First Waiver Order in the United States Court of Appeals for the D.C. Circuit.[6]

4.       On February 25, 2019, the Commission filed with the D.C. Circuit an unopposed motion for voluntary remand of the First Waiver Order.[7]  The Commission explained that it was seeking the remand so that it could consider the implications of the D.C. Circuit's then-recent decision in *Hoopa Valley Tribe v. FERC* (*Hoopa Valley*).[8]  On February 28, 2019, the court granted the Commission's motion.[9]  On August 28, 2019, the Commission issued an order reversing its prior determination and finding that the New York DEC waived its authority under Clean Water Act section 401 to issue or deny a water quality certification for the Constitution Pipeline Project (Second Waiver Order).[10]

5.       A group of petitioners sought review of the Certificate Order and the Second Waiver Order in the Second Circuit.  Those cases were styled *Catskill Mountainkeeper,*

---

[3] *See* Letter from John Ferguson, New York DEC, to Lynda Schubring, Constitution (Apr. 22, 2016); *see also* 33 U.S.C. § 1341(a).

[4] Constitution, Petition for Declaratory Order, Docket No. CP18-5-000 (filed Oct. 11, 2017).

[5] *Constitution Pipeline Co., LLC*, 162 FERC ¶ 61,014, at P 23, *reh'g denied*, 164 FERC ¶ 61,029 (2018).

[6] *Constitution Pipeline Co., LLC v. FERC*, Petition for Review, No. 18-1251 (D.C. Cir. Sept. 14, 2018).

[7] *Constitution Pipeline Co., LLC v. FERC*, Unopposed Motion of Respondent Federal Energy Regulatory Commission for Voluntary Remand, No. 18-1251 (D.C. Cir. Feb. 25, 2019).

[8] 913 F.3d 1099 (D.C. Cir. 2019).

[9] *Constitution Pipeline Co., LLC v. FERC*, No. 18-1251 (D.C. Cir. Feb. 28, 2019).

[10] *Constitution Pipeline, Co., LLC*, 168 FERC ¶ 61,129 (2019).

Document Accession #: 20260123-3074     Filed Date: 01/23/2026

Docket No. CP13-499-000, et al.                                                    - 3 -

*Inc. v. FERC*, Nos. 16-345 and 16-361 (consolidated), and *New York State Department of Environmental Conservation, v. FERC*, Nos. 19-4338, 20-158, and 20-208 (consolidated).

6.      On February 24, 2020, Constitution announced publicly that it no longer intended to pursue the project.  On March 31, 2020, and November 24, 2020, Iroquois and Constitution, respectively, notified the Commission that they would not move forward with their projects.[11]

7.      The Certificate Order, as amended, required Constitution and Iroquois to complete construction of the Constitution Pipeline Project and Wright Interconnection Project and place both projects into service by December 2, 2020.  The Commission's authorizations to construct the projects lapsed on that day due to the failure of Constitution and Iroquois to complete construction by the deadline set forth in the Certificate Order.

8.      On January 25, 2021, the Commission filed a motion to dismiss the Second Circuit appeals, given that the project had been cancelled and that the authorizations granted by the Certificate Order had lapsed.

9.      On November 18, 2021, the Second Circuit vacated the Certificate Order and the Second Waiver Order and remanded to the Commission "with instructions to dismiss the agency proceedings."[12]  The Court's mandate issued on January 10, 2022.

10.     On December 19, 2025, Constitution filed a petition seeking reissuance of a certificate of public convenience and necessity for the Constitution Pipeline Project and reaffirmation of New York's waiver of authority under Clean Water Act section 401 (2025 Petition).  The 2025 Petition was placed in the Commission's public eLibrary system under new subdockets CP13-499-006 and CP18-5-004.  On January 8, 2026, the Commission issued a notice of Constitution's 2025 Petition and solicited comments, protests, and interventions.  That notice was published in the *Federal Register* on January 13, 2026.[13]  The 2025 Petition is currently pending, and the Commission is not in any way pre-judging the merits of the 2025 Petition in this order.

---

[11] Iroquois March 31, 2020 Notice Regarding Wright Interconnection Project (Docket No. CP13-502-000); Constitution November 24, 2020 Final Project Status Update (Docket No. CP13-499-000).

[12] *N.Y. State Dep't of Env't Conservation v. FERC*, Nos. 19-4338, 20-158, and 20-208, and *Catskill Mountainkeeper, Inc. v. FERC*, Nos. 16-345 and 16-361 (2d Cir. Nov. 18, 2021).  *See* Stop the Pipeline February 4, 2021 Motion to Dismiss for Lack of Subject-Matter Jurisdiction and for Vacatur of the Orders.

[13] 91 Fed. Reg. 1311 (Jan. 13, 2026).  The Notice explained that parties that had previously intervened in the certificate and waiver proceedings did not need to file new

Document Accession #: 20260123-3074      Filed Date: 01/23/2026

Docket No. CP13-499-000, et al.                                                                                                      - 4 -

11.     Several parties have recently submitted letters to the Commission or its staff[14] stating that, in their view, the Second Circuit's instruction "to dismiss the agency proceedings" required the Commission to take a further "ministerial"[15] step on remand to "close[]"[16] the relevant dockets or otherwise document through a formal order that the proceedings were dismissed.[17]  For clarity and avoidance of doubt, we now confirm that the proceedings referenced in the caption of this order are dismissed.

12.     The same parties suggest that the Commission should have directed Constitution to submit its 2025 Petition "as a new application in a new docket"[18] rather than "permit[ting] Constitution to submit its petition on dockets that were required to be closed."[19]  Those parties cite no authority suggesting that the Commission was required to follow their preferred procedural path.  As explained below, the path selected by the Commission was squarely within our considerable authority to manage our own docket, and our consideration of Constitution's 2025 petition is unaffected by docket numbering.[20]

13.     As an initial matter, we note that Constitution's 2025 Petition was not filed on a "defunct" docket,[21] or even a docket that would have been "defunct" had the Commission's dismissals been formally documented in 2022.  On the contrary, the 2025 Petition was noticed on *new* subdockets.  In any case, nothing in our enabling statutes,

---

motions to intervene.

[14] *See* New York State Office of the Attorney General January 13, 2026 Filing (NY OAG Letter); Stop the Pipeline January 14, 2026 Filing; Catskill Mountainkeeper, Inc. et al. January 16, 2026 Filing (Catskill Letter).

[15] NY OAG Letter at 2.

[16] *Id.*

[17] *See* Catskill Letter at 1-2.

[18] *Id.* at 2.

[19] NY OAG Letter at 2.

[20] *E.g.*, *Vt. Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*, 435 U.S. 519, 524-25 (1978) (recognizing that agencies have broad discretion over the formulation of their procedures); *S.C. Pub. Serv. Auth. v. FERC*, 762 F.3d 41, 81 (D.C. Cir. 2014) (per curiam) (discussing Commission's discretion to manage proceedings); *Mich. Pub. Power Agency v. FERC*, 963 F.2d 1574, 1578-79 (D.C. Cir. 1992) (similar).

[21] *Contra* NY OAG Letter at 2.

Document Accession #: 20260123-3074      Filed Date: 01/23/2026

Docket No. CP13-499-000, et al.                                              - 5 -

our rules, our precedent, or the Second Circuit's mandate bars parties from making filings on "dismissed," "terminated," or "defunct" dockets. Nor is there any authority preventing the Commission from taking action on such filings. Thus, even had we formally documented the dismissal of the proceedings in 2022, nothing would have barred Constitution from filing its 2025 Petition in these dockets, nor would the manner in which we processed and noticed that filing have differed in any way. "[M]inisterial"[22] judgments regarding whether a filing should be handled under an existing docket number or a new docket number are archetypical exercises of the Commission's "broad discretion to manage its docket."[23]

The Commission orders:

We confirm that the proceedings referenced in the caption of this order are dismissed.

By the Commission. Commissioner LaCerte is concurring with a separate statement attached.

( S E A L )

Carlos D. Clay,
Deputy Secretary.

---

[22] *See id.*

[23] *See MISO Transmission Owners v. FERC*, 45 F.4th 248, 262 (D.C. Cir. 2022). Because Constitution is proposing to construct and operate the same project that was authorized in the Certificate Order and related Commission-approved variances, we found that assigning the 2025 Petition a new docket number was not necessary and would disadvantage participants. If the Commission assigned the 2025 Petition a new docket number, the stakeholders following the previous dockets for the Constitution Pipeline Project would risk missing filings that could impact their interests. Moreover, the Commission clarified in its Notice of the 2025 Petition that intervenors in the prior sub-dockets for these proceedings did not need to re-intervene and retained their party status, thus allowing them to seek rehearing of any future Commission orders on the 2025 Petition and to seek subsequent judicial review. *See supra* note 13. The procedural path selected by the Commission therefore provided *more* notice and *more* opportunity to participate than would have been provided had the Commission directed Constitution to file the 2025 Petition on new and separate dockets.

Case: 26-1437, 06/05/2026, DktEntry: 10.1, Page 14 of 35

Document Accession #: 20260123-3074        Filed Date: 01/23/2026

UNITED STATES OF AMERICA
FEDERAL ENERGY REGULATORY COMMISSION

| | |
|---|---|
| Constitution Pipeline Company, LLC<br>Iroquois Gas Transmission System, L.P. | Docket Nos. CP13-499-000,<br>CP13-499-001,<br>CP13-502-000,<br>CP13-502-001,<br>CP18-5-000,<br>CP18-5-001,<br>CP18-5-002,<br>CP18-5-003 |

(Issued January 23, 2026)

LACERTE, Commissioner, *concurring:*

14.     I fully agree with my colleagues on the entirety of today's order confirming that the proceedings referenced in the caption of this order are dismissed.  I write separately in light of recent filings casting doubt on the Commission's management of its own dockets and to highlight that regardless of the outcome of a proceeding (e.g., whether it is dismissed, vacated, canceled, withdrawn, terminated, or final), we retain jurisdiction (and discretion) to take action on such filings and in such dockets or subdockets as the Commission may deem appropriate.[24]

15.     Moreover, it would be an inefficient use of agency and stakeholder resources to assign a new docket where all of the work has already been done and is easily accessible, particularly here where the project is the same as the one the Commission previously reviewed and authorized.[25]

---

[24] *See* 15 U.S.C. 717*o*; *see also Mobil Oil Expl. & Prod. Serv. v. United Distrib. Cos.*, 498 U.S. 211, 230-31 (1991) ("An agency enjoys broad discretion in determining how best to handle related, yet discrete, issues in terms of procedures."); *United Power, Inc. v. FERC*, 49 F.4th 554, 560 (D.C. Cir. 2022) ("An agency has broad discretion to determine when and how to hear and decide the matters that come before it.").

[25] *See also Constitution Pipeline Co.*, 194 FERC ¶ 61,064, at P 13 n.23 (2026) (explaining that the procedural path selected here provided more notice and more opportunity to participate than would have been provided had the Commission directed

Document Accession #: 20260123-3074     Filed Date: 01/23/2026

Docket Nos. CP13-499-000, et al.                                          - 2 -

For these reasons, I respectfully concur.


_____
David LaCerte
Commissioner

---

Constitution to file the 2025 Petition in new and separate dockets).

Document Accession #: 20260123-3074      Filed Date: 01/23/2026

Document Content(s)

CP13-499-000.docx...............................................................1

# Exhibit B

# Notice of Denial of Rehearing

# 194 FERC ¶ 62,146

March 26, 2026

Document Accession #: 20260326-3006        Filed Date: 03/26/2026

194 FERC ¶ 62,146
UNITED STATES OF AMERICA
FEDERAL ENERGY REGULATORY COMMISSION

Constitution Pipeline Company, LLC                    Docket Nos. CP13-499-007
Iroquois Gas Transmission System, L.P.                            CP13-502-004
                                                                  CP18-5-005

NOTICE OF DENIAL OF REHEARING BY OPERATION OF LAW AND
PROVIDING FOR FURTHER CONSIDERATION

(March 26, 2026)

        Rehearing has been timely requested of the Commission's order issued on January 23, 2026, in this proceeding.  *Constitution Pipeline Company, LLC*, 194 FERC ¶ 61,064 (2026).  In the absence of Commission action on a request for rehearing within 30 days from the date it is filed, the request for rehearing may be deemed to have been denied.  15 U.S.C. § 717r(a); 18 C.F.R. § 385.713 (2025); *Allegheny Def. Project v. FERC*, 964 F.3d 1 (D.C. Cir. 2020) (en banc).

        As provided in 15 U.S.C. § 717r(a), the requests for rehearing of the above-cited order filed in this proceeding will be addressed in a future order to be issued consistent with the requirements of such section.  As also provided in 15 U.S.C. § 717r(a), the Commission may modify or set aside its above-cited order, in whole or in part, in such manner as it shall deem proper.

                                        Debbie-Anne A. Reese,
                                        Secretary.

Document Accession #: 20260326-3006     Filed Date: 03/26/2026

Document Content(s)

CP13-499-007.docx.............................................................1

# Exhibit C

# Order Dismissing Requests for Rehearings

# 195 FERC ¶ 61,116

May 19, 2026

Document Accession #: 20260519-3067     Filed Date: 05/19/2026

195 FERC ¶ 61,116
UNITED STATES OF AMERICA
FEDERAL ENERGY REGULATORY COMMISSION

Before Commissioners:  Laura V. Swett, Chairman;
David Rosner, Lindsay S. See,
Judy W. Chang, and David LaCerte.

| | |
|---|---|
| Constitution Pipeline Company, LLC | Docket Nos. CP13-499-007 |
| | CP18-5-005 |
| Iroquois Gas Transmission System, L.P. | CP13-502-004 |

ORDER DISMISSING REQUESTS FOR REHEARING

(Issued May 19, 2026)

1.      On January 23, 2026, the Commission issued an Order on Remand[1] documenting the dismissal of agency proceedings in response to a November 18, 2021 order by the United States Court of Appeals for the Second Circuit (Second Circuit).[2]  Timely requests for rehearing of the Order on Remand were filed by:  (1) Catskill Mountainkeeper; Clean Air Council; Delaware-Otsego Audubon Society; Delaware Riverkeeper Network and Maya K. van Rossum, the Delaware Riverkeeper; Riverkeeper; Sierra Club; and Waterkeeper Alliance (collectively, Catskill Mountainkeeper); (2) the New York State Department of Environmental Conservation (New York DEC); and (3) Stop the Pipeline (collectively with Catskill Mountainkeeper and New York DEC, Rehearing Parties).

2.      Pursuant to *Allegheny Defense Project v. FERC*,[3] the rehearing requests filed in this proceeding may be deemed denied by operation of law.  However, we are dismissing the requests for rehearing, as discussed below.

---

[1] *Const. Pipeline Co., LLC*, 194 FERC ¶ 61,064 (2026) (Order on Remand).

[2] *N.Y. State Dep't of Env't Conservation v. FERC*, No.19-4338 (consolidated with 20-158, 20-208) at 2 (2d Cir. Nov. 18, 2021) (Vacatur Order).

[3] 964 F.3d 1 (D.C. Cir. 2020) (en banc).

Document Accession #: 20260519-3067      Filed Date: 05/19/2026

Docket No. CP13-499-007, et al.                                                          - 2 -

## I.     Background

### A.     Constitution Pipeline Project and Wright Interconnection Project

3.      On June 13, 2013, Constitution Pipeline Company, LLC (Constitution) filed an application in Docket No. CP13-499-000 for a certificate of public convenience and necessity to construct and operate approximately 124 miles of 30-inch-diameter pipeline and related facilities in Pennsylvania and New York (Constitution Pipeline Project).  On the same date, Iroquois Gas Transmission System, L.P. (Iroquois) filed, in Docket No. CP13-502-000, a concurrent application requesting authorization to construct, install, modify, own, operate, and maintain certain compression facilities in New York, and to lease the incremental capacity associated with these new and modified facilities to Constitution (Wright Interconnection Project).  On December 2, 2014, the Commission issued an order granting the requested certificates to Constitution and Iroquois (Certificate Order).[4]

4.      On April 22, 2016, the New York DEC denied Constitution's request for a water quality certification for the Constitution Pipeline Project under section 401 of the Clean Water Act.[5]  On October 11, 2017, Constitution filed with the Commission a petition for a declaratory order, seeking a finding that the New York DEC had waived its certification authority under section 401 of the Clean Water Act.[6]  On January 11, 2018, the Commission denied the petition (First Waiver Order), and subsequently denied rehearing.[7]  On September 14, 2018, Constitution filed a petition for review of the First

---

[4] *Const. Pipeline Co., LLC*, 149 FERC ¶ 61,199 (2014).

[5] *See* Letter from John Ferguson, New York DEC, to Lynda Schubring, Constitution (Apr. 22, 2016).  Section 401(a)(1) of the Clean Water Act requires that an applicant for a federal license or permit to conduct activities that may result in a discharge into the navigable waters of the United States, must provide to the licensing or permitting agency a water quality certification from the state in which the discharge originates.   33 U.S.C. § 1341(a)(1).  If the state "fails or refuses to act on a request for certification within a reasonable period of time (which shall not exceed one year) after receipt of such request," then certification is waived.  *Id*.

[6] *Const. Pipeline Co., LLC*, Petition for Declaratory Order, Docket No. CP18-5-000 (filed Oct. 11, 2017).

[7] *Const. Pipeline Co., LLC*, 162 FERC ¶ 61,014, at P 23, *order on reh'g*, 164 FERC ¶ 61,029 (2018).

Docket No. CP13-499-007, et al.                                              - 3 -

Waiver Order in the United States Court of Appeals for the District of Columbia Circuit (D.C. Circuit).[8]

5.      On February 25, 2019, the Commission filed with the D.C. Circuit an unopposed motion for voluntary remand of the First Waiver Order.[9]  The Commission explained that it was seeking the remand so that it could consider the implications of the D.C. Circuit's then-recent decision in *Hoopa Valley Tribe v. FERC*.[10]  On February 28, 2019, the court granted the Commission's motion.[11]  On August 28, 2019, the Commission issued an order reversing its prior determination and finding that the New York DEC waived its authority under Clean Water Act section 401 to issue or deny a water quality certification for the Constitution Pipeline Project (Second Waiver Order).[12]  A group of petitioners sought review of the Second Waiver Order in the Second Circuit, where the matter was consolidated with the pending review of the Certificate Order.[13]

6.      On February 24, 2020, Constitution announced publicly that it no longer intended to pursue the Constitution Pipeline Project.  On March 31, 2020, and November 24, 2020, Iroquois and Constitution, respectively, notified the Commission that they would not move forward with their projects.[14]

7.      The Certificate Order, as amended, required Constitution and Iroquois to complete construction of the Constitution Pipeline Project and Wright Interconnection Project

---

[8] *Const. Pipeline Co., LLC v. FERC*, Petition for Review, No. 18-1251  (D.C. Cir. Sept. 14, 2018).

[9] *Const. Pipeline Co., LLC v. FERC*, Unopposed Motion of Respondent Federal Energy Regulatory Commission for Voluntary Remand, No. 18-1251 (D.C. Cir. Feb. 25, 2019).

[10] 913 F.3d 1099 (D.C. Cir. 2019).

[11] *Const. Pipeline Co., LLC v. FERC*, No. 18-1251 (D.C. Cir. Feb. 28, 2019).

[12] *Const. Pipeline, Co., LLC*, 168 FERC ¶ 61,129 (2019).

[13] *See Catskill Mountainkeeper, Inc. v. FERC*, Nos. 16-345 and 16-361 (consolidated), and *N.Y. State Dep't of Env't Conservation, v. FERC*, Nos. 19-4338, 20-158, and 20-208 (consolidated).

[14] *Iroquois Gas Transmission System, L.P.*, Notice Regarding Wright Interconnection Project, Docket No. CP13-502-000 (filed Mar. 31, 2020); *Constitution Pipeline Co., LLC*, Final Project Status Update, Docket No. CP13-499-000 (filed Nov. 24, 2020).

Document Accession #: 20260519-3067     Filed Date: 05/19/2026

Docket No. CP13-499-007, et al.                                                    - 4 -

(together, Projects) and place both Projects into service by December 2, 2020. The Commission's authorizations to construct the Projects lapsed on that day due to the failure of Constitution and Iroquois to complete construction by the deadline set forth in the Certificate Order.

8.      On January 25, 2021, the Commission filed a motion to dismiss the Second Circuit appeals, given that the Projects had been cancelled and that the authorizations granted by the Certificate Order had lapsed. On November 18, 2021, the Second Circuit vacated the Certificate Order and the Second Waiver Order and remanded the cases to the Commission "with instructions to dismiss the agency proceedings."[15] The Court's mandate issued on January 10, 2022.

## B.      2025 Petition

9.      On December 19, 2025, Constitution filed a petition with the Commission seeking reissuance of a certificate of public convenience and necessity for the Constitution Pipeline Project and reaffirmation of New York's waiver of authority under Clean Water Act section 401 (2025 Petition). The 2025 Petition was placed in the Commission's public eLibrary system under new subdockets CP13-499-006 and CP18-5-004. On January 8, 2026, Commission staff issued a public notice soliciting comments, protests, and interventions in response to the 2025 Petition, with a deadline of January 29, 2026.[16]

10.     Separately, several parties submitted letters to the Commission or its staff contending that the Second Circuit's instruction "to dismiss the agency proceedings" required the Commission to take a further "ministerial step" on remand to "close[]"[17] the relevant dockets or otherwise document through a formal order that the proceedings were dismissed.[18] They argued that the Commission should have directed Constitution to submit its 2025 Petition "as a new application in a new docket"[19] rather than

---

[15] *See* Vacatur Order, Nos. 19-4338, at 2.

[16] 91 Fed. Reg. 1311 (Jan. 13, 2026). The Notice explained that parties that had previously intervened in the certificate and waiver proceedings did not need to file new motions to intervene.

[17] New York State Office of the Attorney General January 13, 2026 Filing at 2 (NY OAG Letter); *see also* Stop the Pipeline January 14, 2026 Filing (STP Letter).

[18] *See* Catskill Mountainkeeper, Inc. et al. January 16, 2026 Filing at 1-2 (Catskill Letter).

[19] *Id.*

Document Accession #: 20260519-3067      Filed Date: 05/19/2026

Docket No. CP13-499-007, et al.                                                    - 5 -

"permit[ting] Constitution to submit its petition on dockets that were required to be closed."[20]

### C.      Order on Remand and 2026 Wright Petition

11.     On January 23, 2026, the Commission issued the Order on Remand, confirming that the proceedings addressed in the Second Circuit's Vacatur Order were dismissed.[21]

12.     The Commission declined to direct that the 2025 Petition be filed under a new docket number.[22]  The Commission explained that the 2025 Petition was noticed under new subdockets, and that formally documenting the dismissal of the proceeding would not have barred Constitution from filing the 2025 Petition in these dockets or affected the Commission's processing and consideration of Constitution's 2025 Petition.[23]  To this end, the Order on Remand noted that the 2025 Petition remains pending, and the Commission did not in any way pre-judge the merits of that petition in the Order on Remand.  The Commission found the docketing of the 2025 Petition to be a ministerial matter that was well within the Commission's discretion to manage its docket.[24]

13.     Subsequently, Iroquois filed a petition on February 13, 2026, seeking reissuance of a certificate of public convenience and necessity for the Wright Interconnection Project (2026 Wright Petition).  The 2026 Wright Petition was placed in the Commission's public eLibrary system under new subdocket CP13-502-003.  On February 24, 2026, Commission staff issued a public notice soliciting comments, protests, and interventions in response to the 2026 Wright Petition, with a deadline of March 17, 2026.

14.     New York DEC, Stop the Pipeline, and Catskill Mountainkeeper filed timely requests for rehearing of the Order on Remand.

---

[20] NY OAG Letter at 2.

[21] Order on Remand, 194 FERC ¶ 61,064 at P 11.

[22] *Id.* P 13.

[23] *Id.* P 12-13.

[24] *Id.* P 13.

Document Accession #: 20260519-3067      Filed Date: 05/19/2026

Docket No. CP13-499-007, et al.                                                    - 6 -

## II.     Requests for Rehearing

15.     The rehearing requests argue that the Commission has violated the Second Circuit's mandate by continuing to consider the 2025 Petition rather than dismissing it;[25] that "continuing to entertain" the 2025 Petition arbitrarily and capriciously fails to treat the now-vacated Certificate Order as without legal effect;[26] and that "continuing to consider" the 2025 Petition violates "procedural and substantive due process."[27]

## III.    Discussion

16.     We dismiss the requests for rehearing.  As an initial matter, the NGA provides that a request for rehearing may be filed only by a party "aggrieved by an order issued by the Commission."[28]  To be aggrieved, a party must establish a concrete and particularized, actual and imminent injury in fact arising from the challenged Commission action[29]—in this instance, the Order on Remand.  However, Rehearing Parties fail to identify how they are aggrieved by the Order on Remand.

17.     The Order on Remand simply confirmed that the prior proceedings referenced in its caption were dismissed.[30]  Rehearing Parties do not and cannot identify any injury in fact attributable to that action.  Indeed, Rehearing Parties themselves urged the Commission to confirm that the proceedings in question were dismissed.[31]  Rehearing

---

[25] New York DEC Rehearing Request at 7; Catskill Mountainkeeper Rehearing Request at 8; Stop the Pipeline Rehearing Request at 8.

[26] Catskill Mountainkeeper Rehearing Request at 8.

[27] Stop the Pipeline Rehearing Request at 8.

[28] 15 U.S.C. § 717r(a); *see, e.g.*, *Venture Glob. Calcasieu Pass, LLC*, 189 FERC ¶ 61,003, at PP 16-17 (2024); *Union Elec. Co.*, 147 FERC ¶ 61,069 (2014) (applying similar requirement under parallel provisions of Federal Power Act).

[29] *Venture Glob. Calcasieu Pass*, 189 FERC ¶ 61,003 at P 16; *Tres Palacios Gas Storage LLC*, 162 FERC ¶ 61,255, at P 9 (2018).

[30] Order on Remand, 194 FERC ¶ 61,064 at P 1.

[31] See NY OAG Letter at 2 ("request[ing]" entry of an "Order on Remand"); STP Letter (joining in the New York State Office of the Attorney General's request); *cf.* Catskill Letter at 3.  In fact, Stop the Pipeline criticizes the Commission in its rehearing request for not taking such action sooner.  *See* Stop the Pipeline Rehearing Request

Docket No. CP13-499-007, et al.                                                    - 7 -

Parties' implicit claim to "aggrievement" at the hands of an order they invited, and to which they do not even attempt to attribute any harm to their interests, is not credible.[32] Accordingly, we dismiss all of the requests for rehearing on this basis.

18.     Rehearing Parties' assertions of error and alleged injury all pertain to:  (1) the Commission's prior docketing and noticing of the 2025 Petition;[33] (2) the Commission's ongoing consideration (rather than immediate dismissal) of the 2025 Petition;[34] or (3) a hypothetical possible future order granting the 2025 Petition.[35]  But none of those arguments are directed to the action taken in the Order on Remand—which, to reiterate, consisted solely of confirming that the proceedings referenced therein were dismissed. Moreover, neither the Commission's docketing of the 2025 Petition nor its "continuing to entertain" the 2025 Petition constitutes a "final Commission decision or other final order" subject to rehearing under Rule 713, pursuant to which the rehearing requests were filed.[36]  As for Rehearing Parties' contentions about how the Commission must resolve

_____

at 10-11 (arguing that the Commission should have acted sooner to confirm the dismissal of the proceedings).

[32] To the extent Rehearing Parties merely take issue with the rationale of the Order on Remand—as opposed to the only *action* that order took, namely confirming dismissal of the referenced proceedings—that is not itself a source of aggrievement.  *See Venture Glob. Calcasieu Pass*, 189 FERC ¶ 61,003 at P 17 & n.40.

[33] Stop the Pipeline Rehearing Request at 20-24 (arguing that the docketing and noticing of the 2025 Petition violated due process); *see also* Catskill Mountainkeeper Rehearing Request at 10-11 (arguing that allowing the 2025 Petition to proceed in a new subdocket was improper and the Commission was required to file a new application in a new docket to comply with the Vacatur Order).

[34] Stop the Pipeline Rehearing Request at 10-16 (arguing that the Commission may not consider the 2025 Petition in light of the Vacatur Order); New York DEC Rehearing Request at 8-10 (same); Catskill Mountainkeeper Rehearing Request at 9 (same).

[35] Stop the Pipeline Rehearing Request at 16-20 (arguing that the Commission would not be able to reissue or reaffirm the vacated orders in response to the 2025 Petition); New York DEC Rehearing Request at 8-11 (same); Catskill Mountainkeeper Rehearing Request at 9-12 (same).

[36] 18 C.F.R. § 385.713 (2025) ("This section applies to any request for rehearing of a final Commission decision or other final order"); *Reliable Automatic Sprinkler Co., Inc. v. Consumer Prod. Safety Comm'n*, 324 F.3d 726, 731 (D.C. Cir. 2003) ("Final agency action 'mark[s] the consummation of the agency's decisionmaking process' and is 'one by which rights or obligations have been determined, or from which legal

Docket No. CP13-499-007, et al.                                                    - 8 -

the 2025 Petition's merits, such objections are plainly and irremediably premature.  The Commission made clear in the Order on Remand that it was not addressing or pre-judging the merits of the 2025 Petition,[37] and Rehearing Parties can neither seek rehearing of a hypothetical future merits order, nor seek rehearing of the Order on Remand based on concerns about what such a hypothetical future merits order might contain.[38]

19.     In any case, we are unpersuaded by Rehearing Parties' arguments suggesting that the Order on Remand failed to fully comply with the Vacatur Order, or improperly treats the vacated orders as having continuing legal force or effect.  The NGA gives the courts of appeals jurisdiction to "affirm[], modify[], or set[] aside, in whole or in part, any ... order of the Commission" properly brought before it in a petition for review.[39]  Here, the key consequence of the Second Circuit's vacatur[40] is that the Certificate Order and the Second Waiver Order are deprived of legal force and "cannot serve as precedent in other proceedings."[41]  Rehearing Parties do not point to any aspect of the Order on Remand that relies on the Certificate Order or the Second Waiver Order.  To the contrary, the Commission confirmed that the proceedings underlying those orders were dismissed, which is the relief that was requested by the Rehearing Parties in their prior letter

---

consequences will flow'") (quoting *Bennett v. Spear*, 520 U.S. 154, 178 (1997)); *cf. Venture Glob. Calcasieu Pass, LLC*, 189 FERC ¶ 61,003, at P 15; *Pine Creek Mine, LLC*, 156 FERC ¶ 61,181 (2016) (notice rejecting request for rehearing on the basis that "merely accept[ing an] application for filing" is not a final Commission decision).

[37] Order on Remand, 194 FERC ¶ 61,064 at P 10.

[38] *S. Md. Elec. Coop., Inc.*, 162 FERC ¶ 61,048 (2018) (noting that it "is a common practice for the Commission to dismiss a petition that is not ripe for consideration or is otherwise premature" and providing examples of issues "that may or may not" occur); *La. Pub. Serv. Comm'n v. Entergy Corp.*, 132 FERC ¶ 61,104 (2010) (dismissing complaint as premature and not ripe for Commission consideration).

[39] 15 U.S.C. § 717r(b).

[40] *See* Vacatur Order, Nos. 19-4338, at 2.

[41] *ISO New England Inc.*, 161 FERC ¶ 61,031, at P 28 (2017); *see also FPL Energy Marcus Hook, L.P.*, 123 FERC ¶ 61,289, at P 22 (2008) (acting following a remand and partial vacatur and explaining that "[w]hen a court of appeals remands a case to an administrative agency, different considerations prevail than when a court of appeals remands a case to a lower court, and an agency is empowered to revisit its earlier decision in whatever respect necessary to fulfill its agency functions" so long as it does not contravene the court of appeal's rulings) (citing *FCC v. Pottsville Broadcasting Co.*, 309 U.S. 134, 141-43 (1940)).

Document Accession #: 20260519-3067     Filed Date: 05/19/2026

Docket No. CP13-499-007, et al.                                             - 9 -

submissions.[42]  The Remand Order does not rely on the vacated orders as precedent, nor does it anywhere suggest that the vacated orders somehow continue to have legal effect. Finally, nothing in the Second Circuit's Vacatur Order purported to forbid the Commission from giving consideration to a new filing.[43]

The Commission orders:

The requests for rehearing of the Order on Remand are hereby dismissed, as discussed in the body of this order.

By the Commission.

( S E A L )

Debbie-Anne A. Reese,
Secretary.

---

[42] Order on Remand, 194 FERC ¶ 61,064 at P 11 ("For clarity and avoidance of doubt, we now confirm that the proceedings referenced in the caption of this order are dismissed.").

[43] Similarly, we are not persuaded by Stop the Pipeline's argument that "reliance on or deference to" previously-filed "supporting materials, even if under the guise of a new review" would be improper.  Stop the Pipeline Rehearing Request at 15.  Nothing in the Vacatur Order alters the status of documents in the record, aside from the vacated orders, nor does it indicate that the Second Circuit intended to prevent the Commission from considering the existing record.  The Commission regularly considers the existing record when issuing orders on remand after a Commission Order has been vacated and remanded.  *See, e.g.*, *Dominion Cove Point LNG, LP*, 125 FERC ¶ 61,018 (2008).

Document Accession #: 20260519-3067     Filed Date: 05/19/2026

Document Content(s)

CP13-499-007.docx.............................................................1

# Exhibit D

# Mandate Issued by the Second Circuit

January 10, 2022

# MANDATE

FERC
CP18-5-000
CP18-5-001
CP18-5-002
CP18-5-003
CP13-499-000
CP13-499-001
CP13-502-000
CP13-502-001

## United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of November, two thousand twenty-one.

Present:

Debra Ann Livingston,
*Chief Judge,*
John M. Walker, Jr.,
Richard C. Wesley,
*Circuit Judges.*

---

New York State Department of Environmental Conservation, et al.,

*Petitioners,*

v.

Federal Energy Regulatory Commission,

*Respondent.*

19-4338 (L),
20-158 (Con),
20-208 (Con)

---

Catskill Mountainkeeper, Inc., et al.,

*Petitioners,*

v.

16-345 (L),
16-361 (Con)

**MANDATE ISSUED ON 1/10/2022**

Federal Energy Regulatory Commission,

*Respondent*,

Constitution Pipeline Company, LLC, et al.,

*Intervenors*.

The above-captioned proceedings are consolidated for purposes of this order. Respondent moves to dismiss as moot these petitions for review; Petitioner Stop the Pipeline moves to dismiss the petitions docketed in 2d Cir. 19-4338, 20-158, and 20-208 for lack of jurisdiction, and moves for vacatur of the underlying agency orders. Environmental & Natural Resources Law Clinic of Widener University Delaware Law School moves to file an amicus brief. Upon due consideration, it is hereby ORDERED that Respondent's motions to dismiss are GRANTED and Stop the Pipeline's motions to dismiss for lack of jurisdiction are DENIED as moot. It is further ORDERED that Stop the Pipeline's motions for vacatur are GRANTED, the underlying agency orders are VACATED, and the cases are REMANDED with instructions to dismiss the agency proceedings. *Lamar Advert. of Penn, LLC v. Town of Orchard Park, New York*, 356 F.3d 365, 375 (2d Cir. 2004) ("The voluntary cessation of allegedly illegal conduct usually will render a case moot if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." (internal quotation marks omitted)); *Radiofone, Inc. v. Fed. Commc'ns Comm'n*, 759 F.2d 936, 940–41 (D.C. Cir. 1985) (finding vacatur appropriate where agency order was "moot for a reason that deprives the agency action of all operative effect"); *see Bragger v. Trinity Capital Enter. Corp.*, 30 F.3d 14, 17 (2d Cir. 1994) ("When a civil case becomes moot while an appeal is pending, it is the general practice of an appellate court to vacate the unreviewed judgment granted in the court below and remand the case to that court with directions to dismiss it.") (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–40 (1950)). Finally, it is ORDERED that the motion to file an amicus brief is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

2

## ADDENDUM B

### RELIEF REQUESTED

Stop the Pipeline ("STP") respectfully asks this Court to issue an order that (1) grants Stop the Pipeline's petition for review; (2) dismisses the ongoing proceedings in the following administrative dockets and their associated subdockets: CP13-499, CP13-502, and CP18-5; (3) vacates paragraphs 10, 12, and 13 in the Remand Order, 194 FERC ¶ 61,064 (Jan. 23, 2026), which purport to authorize the ongoing proceedings after dismissing the agency proceedings; and (4) vacates the Order Dismissing Requests for Rehearing, 195 FERC ¶ 61,116 (May 19, 2026). The orders associated with the administrative proceedings are annexed to Addendum A, submitted herewith.

### ISSUES AND STANDARDS OF REVIEW

For now, STP raises the following issue in this petition for review:

1.      Whether the Commission is violating the Second Circuit's January 10, 2022 Mandate, and acting in excess of its statutory authority,[1] by continuing to consider the Company's 2025 Petition, which specifically requires FERC to consider all of the documents in the now dismissed proceedings and specifically requests that the vacated Certificate and Waiver Orders be reissued and reaffirmed.

---

[1] 15 U.S.C. §§ 717f(d), 717r(b) (2024); 5 U.S.C. § 706 (2024).

Standard of review: The Court reviews compliance with its mandates,

statutory construction, and regulations *de novo*. The flouting of a judicial mandate

may also be an abuse of discretion. *See* 5 U.S.C. § 706(2)(A) (2024).

Respectfully submitted,

/s/ *Todd D. Ommen*
TODD D. OMMEN
ANNE MARIE GARTI, OF COUNSEL
PACE ENVIRONMENTAL LITIGATION CLINIC, INC.
78 North Broadway
White Plains, New York 10603
(914) 422-4343

*Attorneys for Petitioner Stop the Pipeline*

Dated: June 5, 2026
White Plains, New York

2